IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MOQUITA QUINAN,** § | | |
| individually and on behalf of all § | | |
| others similarly situated**,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | **CASE NO: 4:21-cv-1229** | |
| **v.** § | | |
| § | | |
| **JET LENDING, LLC,** § | | |
| § | | |
| *Defendant.* | | |

## DEFENDANT JET LENDING, LLC'S MOTION TO DISMISS

Ms. Quinan brings two claims against Jet Lending, alleging it violated the Telephone Consumer Protection Act ("TCPA") and a related federal regulation by leaving voicemails on her cell phone. Ms. Quinan's claims must be dismissed because Ms. Quinan *consented* and *requested* that Jet Lending contact her about its services as well as to be placed on Jet Lending's contact list. Because Jet Lending did exactly as Ms. Quinan requested, she has no legal injury, and thus, no Article III standing to assert her claims.

Jet Lending is an asset based lender for investment real estate. Decl. of Alex Buriak ¶ 3.[1] As part of its business, Jet Lending hosts Super Investor Meetings that provide technical content and networking opportunities. *Id.* On January 4, 2019, Ms. Quinan filled out a form to sign up to attend one of Jet Lending's Super Investor Meetings. *Id.* ¶ 5. On the form, Ms. Quinan entered

---

[1] Jet Lending is moving to dismiss for lack of standing pursuant to Rule 12(b)(1), and this Court "may look at documents beyond the pleadings when deciding motions to dismiss under Rule 12(b)(1) . . . .". *Everest Nat'l Ins. Co. v. Megasand Enterprises, Inc.*, No. 4:20-CV-1265, 2021 WL 413527, at *2 (S.D. Tex. Feb. 5, 2021) (Hanen, J.) (citing *Estes v. Shell Oil Co.*, 234 F.2d 847, 849 n.5 (5th Cir. 1956)).

her name, telephone number, and email address; in response to the question, "Are you a landlord?" Ms. Quinan selected the answer, "I'd like to become one." *Id.*



*Id.*, Exhibit B. That form also allowed registrants like Ms. Quinan to join Jet Lending's contact list with the notice, "Yes, I would like to receive more information about your services." *Id.* ¶ 4.



2

*Id.*, Exhibit A. Ms. Quinan clicked the box stating she would like to join Jet Lending's contact list. *Id.* ¶ 5.

Despite registering and asking to be added to Jet Lending's contact list, Ms. Quinan now alleges that throughout 2020, Jet Lending violated federal law by contacting her and leaving voicemails on her cell phone. Compl. ¶ 24. Ms. Quinan is wrong. Jet Lending contacted her at her request.[2]

## **LEGAL STANDARD**

A defendant may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). Article III standing demands that a plaintiff demonstrate an "injury in fact." *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016). If there is no injury in fact, there is no constitutional standing, and the Court lacks subject matter jurisdiction. *See Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015). A court may look at documents beyond the pleadings when deciding motions to dismiss under Rule 12(b)(1). *Everest Nat'l Ins. Co.*, 2021 WL 413527, at *2. Where a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit and the defendant submits affidavits, testimony, or other evidentiary materials, the plaintiff is also required to submit facts through some evidentiary method. *Doe v. Humble ISD*, No. 4:18-CV-4281, 2019 WL 3288385, at *2 (S.D. Tex. July 22, 2019) (Hanen, J.) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)), *appeal dismissed sub nom. Doe v. Humble Indep. Sch. Dist.*, No. 19-20590, 2019 WL 7946344 (5th Cir. Dec. 17, 2019). In a "factual attack," the plaintiff also has the burden of proving by a preponderance of the evidence that the court has subject matter

---

[2] Ms. Quinan's Complaint also alleges that she received two text messages from Jet Lending. Compl. ¶ 23. However, these texts do not form the basis of any alleged liability in the Complaint, as Ms. Quinan alleges that Jet Lending violated the TCPA and a federal regulation through sending "prerecorded voice messages." *See id.* ¶¶ 25; 34 (purporting to represent a class of individuals who were sent "a prerecorded message").

jurisdiction. *Id.* (citing *Paterson*, 644 F.2d at 523). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

## ARGUMENT

Because Ms. Quinan consented to receive information from Jet Lending, she lacks Article III standing. Federal courts are reserved for litigants with a legal injury—that is not Ms. Quinan. The TCPA only prohibits calls made without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). "Under the [TCPA], a person consents to receiving phone calls if she gives a company her number before the company calls her." *Saragusa v. Countrywide*, No. CV 14-2717, 2016 WL 1059004, at *4 (E.D. La. Mar. 17, 2016) (citation omitted), *aff'd sub nom. Saragusa v. Countrywide Home Loans, Inc.*, 707 F. App'x 797 (5th Cir. 2017). "[I]f [a plaintiff] has expressly agreed and expected to receive calls from defendant, and did receive those calls, the [plaintiff] has not been injured in any way, even if defendants technically violated a procedural requirement of the TCPA." *Legg v. PTZ Ins. Agency, Ltd.*, 321 F.R.D. 572, 577 (N.D. Ill. 2017). If a plaintiff consents to receive messages from the defendant, her TCPA claim is subject to dismissal under Rule 12(b)(1) for lack of standing. *See Winner v. Kohl's Dep't Stores, Inc.*, No. CV 16-1541, 2017 WL 3535038, at *6 (E.D. Pa. Aug. 17, 2017) (granting 12(b)(1) motion to dismiss, holding that "[b]ecause [Plaintiffs] consented to receiving the texts, Plaintiffs can show no concrete and particularized injury-in-fact and thus have not established that they have standing to pursue the claims asserted in the FAC.").

On January 4, 2019, Ms. Quinan **solicited and invited Jet Lending** to contact her by voluntarily providing her name, cell phone number, and email address. Decl. of Alex Buriak ¶¶ 5-6. Thus, Ms. Quinan did not—and could not—have suffered an injury when stating: "Yes, I would like to receive more information about your services." *See Satterfield v. Simon &*

4

*Schuster*, No. C 06-2893 CW, 2007 WL 1839807, at *1 (N.D. Cal. June 26, 2007) (plaintiff consented to receive text messages from defendant where plaintiff entered contact information on a website and checked the box "Yes! I would like to receive promotions from Nextones affiliates and brands."), *rev'd and remanded on other grounds sub nom. Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009). Accordingly, Ms. Quinan's complaint must be dismissed pursuant to Rule 12(b)(1). *See Winner*, 2017 WL 3535038, at *6.

## CONCLUSION[3]

Based upon the foregoing, Jet Lending respectfully requests that the Court dismiss Ms. Quinan's Complaint, with prejudice, and grant Jet Lending all other relief to which it may show itself justly entitled.

DATE: May 14, 2021
                                                    MCDOWELL HETHERINGTON LLP

                                                    By: */s/ Michael D. Matthews, Jr.*
                                                         Michael D. Matthews, Jr.
                                                         Texas Bar No. 24051009
                                                         William B. Thomas
                                                         Texas Bar No. 24083965
                                                         Ryan Goodland
                                                         Texas Bar No. 24087604
                                                         1001 Fannin Street, Suite 2700
                                                         Houston, Texas 77002
                                                         T: (713) 337–5580
                                                         F: (713) 337–8850

---

[3] A fair reading of Ms. Quinan's Complaint does not allege that Jet Lending violated the TCPA by texting her with an "automatic telephone dialing system" or an "autodialer". To the extent Ms. Quinan does seek to hold Jet Lending liable for the use of an autodialer, Ms. Quinan's Complaint is barred by the Supreme Court's recent decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021), which held that a plaintiff must plead that the defendant used a "random or sequential number generator" in calling the plaintiff. *See also McEwen v. Nat'l Rifle Ass'n of Am.*, No. 2:20-CV-00153-LEW, 2021 WL 1414273, at *7 (D. Me. Apr. 14, 2021) ("[a]fter the [*Facebook, Inc. v.*] *Duguid* opinion, the [autodialer] portion of the [TCPA] claim requires an allegation that [the defendant] used a random or sequential number generator to place a call to Plaintiff's cellphone"). The Complaint contains no allegations as to whether Jet Lending used a random or sequential number generator and therefore does not state a claim on this basis.

matt.matthews@mhllp.com
william.thomas@mhllp.com
ryan.goodland@mhllp.com
*Counsel for Jet Lending, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 14th day of May 2021 via CM/ECF on all counsel of record.

*/s/ Ryan Goodland*
Ryan Goodland